**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Duane Edward WICKER, aka Big Wick, Defendant—Appellant.**

**No. 04–50081.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 21, 2005.

---

Linda A Frakes, Esq., USSD - Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Victor M. Torres, Esq., Attorney at Law, San Diego, CA, for Defendant-Appellant.

Before: GRABER, MCKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Defendant Duane Edward Wicker appeals his conviction, after a jury trial, for violating 18 U.S.C. § 1959 ("Violent Crimes in Aid of Racketeering" or "VCAR"). We affirm.

In a six-count indictment, Wicker and three others were charged under VCAR with committing violent crimes in order to maintain or increase their positions within a gang known as the West Coast Crips.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Count four of the indictment charged Wicker and Adams with conspiring to commit the murder of an unnamed member of a rival gang.

▇ 1. Wicker first argues that the government impermissibly amended the indictment at trial. A constructive amendment of an indictment occurs when:

(1) "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," or

(2) "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved."

*United States v. Adamson*, 291 F.3d 606, 615 (9th Cir.2002) (alterations in original) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir.1984)). The government presented evidence of crimes committed and conspiracies engaged in that were not included in the indictment against Wicker. However, that evidence was introduced for the limited purpose of proving that Wicker was engaged in a criminal conspiracy as defined in VCAR. Such evidence did not constitute an impermissible amendment of Wicker's indictment.

▇ 2. Next, Wicker asserts that there was insufficient evidence at trial to prove the conspiracy with which he was charged. *See United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for the standard of sufficiency of evidence). As evidence of the conspiracy, the government introduced a series of wiretapped phone calls between Wicker and Adams in which Wicker said he intended to go on a "murdering spree" and to do "head shots." Additionally, Wicker and Adams discussed getting a weapon and hiding it for Wicker

to use later. The government also introduced the testimony of a witness who saw Adams give Wicker a gun and ammunition, a holster recovered from Wicker's home, and a wiretapped call in which Adams told Wicker how smart he was not to have had "that" in his house when the police performed a search.

Wicker's main argument is that the evidence did not demonstrate that he agreed to kill a specified individual, but only an unnamed rival gang member. That argument is unavailing. It is true that neither Wicker nor Adams identified by name a target of their conspiracy. But to prove the charge of conspiracy to commit murder, it was sufficient to prove that Wicker and Adams specifically intended and agreed to kill "a human being" and that they engaged in an overt act for the purpose of accomplishing that objective. Cal.Penal Code §§ 182(a)(1) and 187(a).

▇ 3. Finally, Wicker argues that the evidence of a criminal "enterprise"—the wiretapped conversations—was unfairly prejudicial. We disagree. Wicker participated in many of the calls, so they were admissible against Wicker as his own statements, under Federal Rule of Evidence 801(d)(2)(A). The introduction of additional calls, even if error, was harmless beyond a reasonable doubt in light of the number and nature of the admissible statements.

AFFIRMED.